J-S42034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
MICHAEL A. MARTIN :
:
Appellant : No. 398 WDA 2022

Appeal from the PCRA Order Entered March 15, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0003982-2013

BEFORE: BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: JUNE 6, 2023**

Appellant, Michael A. Martin, appeals from the order of the Court of
Common Pleas of Westmoreland County (trial court) that denied his petition
filed under the Post Conviction Relief Act (PCRA).[1] Counsel for Appellant in
this appeal (PCRA appellate counsel) has filed an application to withdraw and
a brief concluding that the appeal presents no issues of any arguable merit.
After careful review, we affirm the trial court's ruling rejecting the two grounds
for relief asserted in Appellant's PCRA petition, but vacate in part the trial
court's denial of the PCRA petition and remand for further proceedings to
address six claims of PCRA counsel ineffectiveness that Appellant has raised

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

in this appeal. Because PCRA appellate counsel has not shown that the appeal is wholly without merit, we deny the application to withdraw.

This case arises out of the August 2013 killing of Appellant's stepfather-in-law (Victim). Appellant was charged with first-degree murder and third-degree murder for stabbing Victim to death. These charges were tried to a jury from January 5 through 12, 2015. At trial, Appellant argued that he killed Victim in self-defense when Victim pulled a gun on him. On January 12, 2015, the jury convicted Appellant of first-degree murder.

On March 26, 2015, Appellant was sentenced to life in prison without the possibility of parole. Appellant timely filed post-sentence motions, which the trial court denied. Appellant filed a timely direct appeal asserting the trial court erred in admitting Victim's autopsy photographs and that the first-degree murder verdict was against the weight of the evidence. On June 22, 2016, this Court affirmed Appellant's judgment of sentence. **Commonwealth v. Martin**, 153 A.3d 1116 (Pa. Super. 2016) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On September 23, 2016, Appellant filed a timely *pro se* first PCRA petition. The trial court appointed PCRA counsel for Appellant. Appellant's first PCRA counsel filed a no-merit letter and the trial court on April 30, 2018 issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss this PCRA petition without a hearing. Appellant responded to the Rule 907 notice and

the trial court held a hearing on the PCRA petition on December 12, 2019 at which trial counsel, Appellant, and Appellant's brother testified. Appellant was not represented by counsel at this hearing.[2]

Following that hearing, new PCRA counsel appeared for Appellant and was granted leave to file an amended PCRA petition and reopen the record. On January 15, 2021, new PCRA counsel filed an amended PCRA petition asserting, *inter alia*, that trial counsel was ineffective for failing to present evidence that Victim had been convicted of aggravated assault for shooting another man in 1981 and for failing to file a motion to suppress Appellant's statement to police in which he admitted stabbing Victim. The trial court held a second PCRA hearing on December 3, 2021 on this amended PCRA petition at which trial counsel, Appellant, and Appellant's brother again testified. Following this second PCRA hearing, the trial court on March 15, 2022 denied Appellant's PCRA petition. Trial Court Opinion and Order, 3/15/22.

Appellant, represented by new counsel, timely appealed the order denying his PCRA petition. On June 6, 2022, PCRA appellate counsel filed and served on Appellant an application to withdraw and an **Anders**[3] brief in which he concludes that there is no ground for reversal of the trial court's denial of Appellant's PCRA petition. Appellant filed a brief in response to PCRA

---

[2] As the concurring memorandum correctly concludes, the trial court erred in failing to appoint counsel to represent Appellant at this hearing.

[3] **Anders v. California**, 386 U.S. 738 (1967).

appellate counsel's **Anders** brief. The Commonwealth has filed a brief in support of the trial court's order.

Before this Court can consider the merits of these appeals, we must first determine whether counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted in a PCRA appeal. **Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa. Super. 2016); **Commonwealth v. Freeland,** 106 A.3d 768, 774 (Pa. Super. 2014); **Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012). To withdraw from representing a PCRA petitioner, counsel must file a no-merit letter, send the petitioner copies of the application to withdraw and no-merit letter, and advise petitioner of his right to proceed *pro se* or with a privately retained attorney. **Walters**, 135 A.3d at 591; **Doty**, 48 A.3d at 454; **Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa. Super. 2011). The no-merit letter must set forth: 1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless. **Commonwealth v. Turner,** 544 A.2d 927, 928-29 (Pa. 1988); **Freeland,** 106 A.3d at 774; **Widgins**, 29 A.3d at 817-18. If counsel has satisfied the above requirements, this Court must then conduct its own review of the record and render an independent judgment as to whether the appeal is without merit. **Walters**, 135 A.3d at 591; **Doty**, 48 A.3d at 454.

Here, PCRA appellate counsel filed and sent Appellant his application to withdraw as counsel and sent Appellant a letter advising Appellant of his right either to retain new counsel or proceed *pro se*. Although PCRA appellate counsel filed and sent Appellant an **Anders** brief, which is required when counsel seeks to withdraw in a direct appeal, rather than a no-merit letter, an **Anders** brief can satisfy counsel's obligations in an appeal from denial of a PCRA petition provided that the brief contains all the information that must be included in a no-merit letter. **Widgins**, 29 A.3d at 817 & n.2, 819. We conclude that PCRA appellate counsel's brief here satisfies the requirements for a sufficient no-merit letter. PCRA appellate counsel's brief discusses the record in detail, sets forth the grounds for PCRA relief asserted by Appellant in the trial court and an additional claim of PCRA counsel ineffectiveness that Appellant seeks to raise in this appeal, which he represents to be the only other claim that he is aware that Appellant wishes to raise in this appeal, and explains why he concludes that all of those issues are without merit. We therefore conclude that PCRA appellate counsel has satisfied the requirements for seeking to withdraw and conduct our own review and independently determine whether Appellant has asserted any issues in this appeal that would support vacating the denial of his PCRA petition.[4]

---

[4] We recognize that PCRA appellate counsel's brief does not address the claims of PCRA counsel ineffectiveness that Appellant later raised in his *pro se* response to that brief. However, because PCRA appellate counsel appears to

PCRA appellate counsel sets forth the following three issues as the issues that Appellant seeks to raise in this appeal:

> 1. Did the PCRA Court err in denying [Appellant]'s PCRA Petition alleging ineffective assistance of counsel alleging that trial counsel failed to present evidence of the victim's prior conviction?
>
> 2. Did the PCRA Court err in denying [Appellant]'s PCRA Petition alleging ineffective assistance of counsel for failure to file a suppression motion?
>
> 3. Was PCRA counsel ineffective for failing to raise an ineffective assistance of counsel issue regarding trial counsel's failure to elicit potentially exculpatory testimony from [Appellant]'s wife?

***Anders*** Brief at 5.  Appellant in his *pro se* response brief argues that PCRA counsel was also ineffective for failing to assert the following additional claims: 1) that trial counsel was ineffective for failing to obtain and introduce Appellant's mental health records; 2) that trial counsel was ineffective for failing to introduce evidence that Appellant was high on cocaine at the time of the killing; 3) that trial counsel was ineffective for failing to convey a plea offer to Appellant; 4) that trial counsel was ineffective for failing to object to the introduction of Victim's autopsy photographs; 5) that trial counsel was ineffective for failing to investigate and call a witness who heard an argument

---

have made a good faith attempt to determine what additional issues of PCRA counsel ineffectiveness Appellant wished to raise, none of these additional issues are issues that the trial court addressed in denying the PCRA petition, and, as explained *infra*, remand is necessary on the PCRA counsel ineffectiveness issue that PCRA appellate counsel addressed, we conclude that it is not in the interest of judicial economy to require further briefing by PCRA appellate counsel before deciding this appeal.

at the time of the killing; and that 6) that direct appeal counsel was ineffective for failing to argue that the trial court's denial of a heat of passion voluntary manslaughter instruction was error. Appellant's *Pro Se* Brief at 24-30. We first address the two claims of trial counsel ineffectiveness that were raised by PCRA counsel and decided by the trial court, followed by the claim of ineffectiveness of PCRA counsel addressed by PCRA appellate counsel, and then the additional *pro se* claims raised by Appellant.

Our review of an order denying a PCRA petition is limited to determining whether the record supports the PCRA court's findings and whether its decision is free of legal error. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015); *Commonwealth v. Johnson*, 236 A.3d 63, 68 (Pa. Super. 2020) (*en banc*); *Commonwealth v. Smith*, 181 A.3d 1168, 1174 (Pa. Super. 2018). We must view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. *Mason*, 130 A.3d at 617; *Johnson*, 236 A.3d at 68; *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). The PCRA court's credibility determinations, if supported by the record, are binding on this Court. *Mason*, 130 A.3d at 617; *Johnson*, 236 A.3d at 68; *Widgins*, 29 A.3d at 820.

All of Appellant's claims here are claims of ineffective assistance of counsel. To be entitled to relief under the PCRA on a claim of ineffective assistance of counsel, the defendant must prove: (1) that the underlying claim is of arguable merit; (2) that counsel's action or inaction had no reasonable

- 7 -

basis; and (3) that he suffered prejudice as a result of counsel's action or inaction. *Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019); *Mason*, 130 A.3d at 618; *Commonwealth v. Selenski*, 228 A.3d 8, 15 (Pa. Super. 2020). The defendant must satisfy all three prongs of this test to obtain relief on an ineffective assistance of counsel claim. *Montalvo*, 205 A.3d at 286; *Mason*, 130 A.3d at 618; *Johnson*, 236 A.3d at 68.

The trial court did not err in finding that the two claims presented to it failed to satisfy these requirements. The trial court rejected Appellant's claim that trial counsel was ineffective for failing to introduce Victim's aggravated assault conviction in evidence on the ground that although the certified conviction was not admitted in evidence, trial counsel in fact introduced the substance of that conviction in evidence. Trial Court Opinion and Order, 3/15/22, at 7-8. That determination is supported by the record, which shows that trial counsel elicited testimony at trial from a state trooper that Victim had shot the husband of the woman that he later married and was convicted and served prison time for that shooting. N.T. Trial at 646-47. To prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Commonwealth v. Jones*, 210 A.3d 1014, 1018-19 (Pa. 2019); *Mason*, 130 A.3d at 618. Because this evidence was before the jury, introduction of the actual record of the same more than 30-year-old conviction would add little and there was no reasonable probability that the outcome of Appellant's trial

would have been different if it had been introduced. The trial court therefore correctly held that this PCRA claim failed for lack of prejudice.

The trial court rejected Appellant's second claim on the ground that trial counsel had a reasonable basis for failing to move to suppress Appellant's statement. Trial Court Opinion and Order, 3/15/22, at 10-11. Where counsel's conduct is an informed strategic choice that could be reasonably viewed at the time as advancing the defendant's interests, the defendant cannot show that counsel had no reasonable basis for his actions, even though in hindsight counsel's strategy was not successful. *Commonwealth v. Williams*, 141 A.3d 440, 463 (Pa. 2016); *Commonwealth v. Charleston*, 94 A.3d 1012, 1027-28 (Pa. Super. 2014). The trial court found that trial counsel made a reasonable strategic decision not to seek suppression so that he could use the videotaped statement, in which Appellant contended that he stabbed Victim in self-defense when Victim pulled a gun on him, to present Appellant's self-defense claim to the jury without Appellant testifying and being exposed to cross-examination. Trial Court Opinion and Order, 3/15/22, at 8-11.

That determination is supported by the record. Trial counsel testified that he decided not to move to suppress the statement because he believed that the statement presented Appellant's self-defense claim well and permitted Appellant to present his self-defense claim to the jury without testifying and being subject to cross-examination. N.T. PCRA, 12/3/21, at 7-

8, 11-17, 28, 38-39, 44-46. Indeed, trial counsel's testimony that this was a strategic decision is corroborated by his statements at trial concerning the video recording of the statement. N.T. Trial at 613-15. Trial counsel further testified that he discussed this strategy of using the recorded statement in lieu of Appellant testifying with Appellant and that Appellant agreed with this strategy and agreed that he did not want to testify. N.T. PCRA, 12/3/21, at 8, 11-17, 28, 39. While Appellant testified that he wanted the statement suppressed and thought that trial counsel was filing a motion to suppress, *id.* at 65-67, the trial court found trial counsel's testimony on this issue credible and did not find Appellant credible. Trial Court Opinion and Order, 3/15/22, at 10.

The record also supports the trial court's conclusion that trial counsel's strategic decision could reasonably be viewed as advancing Appellant's interests. Suppression of Appellant's statement that he stabbed Victim in self-defense would not have left the Commonwealth without evidence to prove its case, as there was other evidence that would not have been suppressed showing that Appellant communicated with Victim the night of the stabbing, placing him in the area where the stabbing occurred at the time of the crime, and showing that Appellant lied to police and asked a friend to lie about his whereabouts at the time of the crime. N.T. Trial at 303-11, 417-22, 529-54; N.T. PCRA, 12/3/21, at 16. The trial court therefore did not err in holding that this claim of ineffectiveness of trial counsel also failed.

The seven remaining issues are all claims of ineffectiveness of PCRA counsel raised for the first time in this appeal, after PCRA counsel no longer represented Appellant. These claims are properly before us. In *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), our Supreme Court held that a defendant may raise claims of ineffective assistance of PCRA counsel for the first time during an appeal from the denial of a timely filed first PCRA petition where the PCRA counsel in question represented the defendant until the appeal. 261 A.3d at 401-05. Because these are layered claims that PCRA counsel was ineffective with respect to claims of ineffectiveness of trial counsel or direct appeal counsel, Appellant must satisfy the three prongs of the ineffectiveness test with respect to both PCRA counsel and the prior counsel whose ineffectiveness he claims that PCRA counsel should have raised. *Montalvo*, 205 A.3d at 286; *Commonwealth v. McGill*, 832 A.2d 1014, 1022-23 (Pa. 2003).

The Supreme Court recognized in *Bradley* that because claims of ineffectiveness of PCRA counsel raised for the first time on appeal have not been addressed by the PCRA court, this Court must determine whether the record is adequate to address those claims and consider whether they should be remanded for further development of the record and for decision by the PCRA court. 261 A.3d at 402. As the Supreme Court explained:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further

development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness[;] however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded[.]

*Id.* (citations, brackets, and quotation marks omitted). Applying this guidance to Appellant's seven claims of ineffectiveness assistance of PCRA counsel, we conclude that one of Appellant's additional claims is plainly without merit, but that remand for development of the record and further determinations by the trial court is necessary with respect to the other six claims of ineffectiveness of PCRA counsel.

The first of these claims, set forth in PCRA appellate counsel's *Anders* Brief, asserts that PCRA counsel was ineffective for failure to raise a claim that trial counsel was ineffective in not calling Appellant's wife as a witness to testify to a statement that he contends would have supported his self-defense claim. Failure to call a witness can constitute ineffective assistance of counsel only where the defendant shows that the witness existed, was available, and was willing to testify on the defendant's behalf; that trial counsel knew or should have known of witness's existence; and that the absence of the witness's testimony prejudiced the defendant. *Commonwealth v. Sneed*, 45 A.3d 1096, 1108–09 (Pa. 2012); *Commonwealth v. Orner*, 251 A.3d 819, 825 (Pa. Super. 2021) (*en banc*); *Selenski*, 228 A.3d at 16. There is evidence in the record that Appellant told trial counsel that his wife was a

potential witness concerning Appellant's self-defense claim. N.T. PCRA, 12/3/21, at 17-20. Trial counsel testified that he believed that he spoke to Appellant's wife, but was not sure. *Id.* at 17. While there is no evidence establishing what the wife's testimony would have been or that she would have been available and willing to testify for Appellant, whether those facts could have been proven if PCRA counsel had asserted this claim cannot be determined on the record before us. Trial counsel's testimony that he thought that Appellant's wife might have been unwilling to speak to him or did not return his calls, *id.* at 20, does not conclusively show that she was not available as a witness. Not only is it equivocal and somewhat in conflict with his other testimony that he believed that he did speak with her, but even unequivocal testimony by counsel that she was not available would not preclude Appellant from proving the requirements of this PCRA claim through the witness's own testimony. Remand is therefore necessary on this issue.[5]

With respect to the additional claims of ineffective assistance of PCRA counsel raised by Appellant *pro se*, we can determine from the record that one

---

[5] We note, however, that proceedings on remand will not require an evidentiary hearing on this issue unless Appellant provides a certification with respect to this witness sufficient to support this claim. 42 Pa.C.S. § 9545(d)(1); *Commonwealth v. Lopez*, 739 A.2d 485, 496 (Pa. 1999) (unsubstantiated allegations concerning alleged witnesses are insufficient to show ineffective assistance of counsel for failure to call those witnesses); *Selenski*, 228 A.3d at 17 (ineffectiveness of counsel for failure to call witness not shown where witness did not testify at PCRA hearing and no affidavit from witness was introduced).

of these claims, the claim concerning trial counsel's failure to preserve objections to the admission of autopsy photographs, is plainly without merit. Appellant is correct that this Court ruled in Appellant's direct appeal that trial counsel had waived the claim that the trial court erred in admitting the autopsy photographs by failing to sufficiently object to their admission at trial. ***Commonwealth v. Martin***, No. 1371 WDA 2015, slip op. at 7-8 (Pa. Super. June 22, 2016) (unpublished memorandum). That, however, cannot support a claim of ineffectiveness of trial counsel because Appellant cannot satisfy the requirement that he show that objection to the photographs had arguable merit. In its decision affirming Appellant's judgment of sentence, this Court also held that even if the issue were not waived, it failed because the photographs were not inflammatory and the argument that the autopsy photographs should have been excluded "lacks merit." ***Id.*** at 9-11.

The remaining additional issues, however, require remand. There is some basis in the record for Appellant's claims that trial counsel knew that Appellant had a mental health treatment history and did not obtain and introduce his mental health records, that trial counsel knew of and did not introduce available evidence that Appellant had consumed crack cocaine prior to the killing, and that trial counsel knew of and did not investigate and call a witness who told police that she heard an argument at the time of the killing. N.T. PCRA, 12/12/19, at 8-28. While Appellant and trial counsel testified on these issues at the first PCRA hearing, Appellant was denied counsel at that

hearing and has the right on remand to introduce further evidence on these issues, including the records themselves and the witness's testimony. The record is unclear as to whether there was a plea offer, what it was, and whether trial counsel relayed it to Appellant and he rejected it. *Id.* at 28-33, 60; N.T. Trial at 192. The record also shows that trial counsel requested a heat of passion voluntary manslaughter instruction, the trial court declined to give that instruction, and that counsel did not raise this issue on direct appeal. N.T. Trial at 674-82, 773-79, 788-803; *Martin*, No. 1371 WDA 2015, slip op. at 4. There is no record concerning direct appeal counsel's reason for not raising this issue nor is there any analysis of this issue in the trial court's opinion in the direct appeal.

Because the trial court did not err in rejecting Appellant's claims for PCRA relief concerning Victim's criminal conviction and suppression of his statement, we affirm its denial of those PCRA claims. Appellant, however, has asserted six claims of ineffective assistance of PCRA counsel that have not been addressed by the trial court and that cannot be decided without affording Appellant the opportunity to develop them with the assistance of counsel. Accordingly, we vacate the trial court's orders insofar as they deny Appellant's PCRA petitions in their entirety and remand for further proceedings to permit Appellant to litigate, with the assistance of counsel, his claims that PCRA counsel was ineffective for not asserting claims concerning the failure to call his wife as a witness, failure to obtain and introduce his mental health records,

failure to introduce evidence that he was high on cocaine at the time of the killing, alleged failure to convey a plea offer, failure to investigate and call a witness who heard an argument at the time of the killing, and failure to pursue the denial of a heat of passion voluntary manslaughter instruction as an appeal issue. Because PCRA appellate counsel did not demonstrate that the appeal was wholly without merit, we deny the application to withdraw as counsel, without prejudice to consideration of appointment of new PCRA counsel by the trial court on remand.

Order affirmed in part and vacated in part. Application to withdraw denied. Case remanded. Jurisdiction relinquished.

Judge Olson joins the Memorandum.

Judge Bowes files a Concurring Memorandum which Judge Olson and Judge Colins join.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2023